**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SARAH JACOBS, on behalf of herself and all others similarly situated,<br><br>PLAINTIFF,<br><br>v.<br><br>BLUE BUFFALO PET PRODUCTS, INC.,<br><br>DEFENDANT. | **CLASS ACTION COMPLAINT**<br><br>Case No. 1:15-cv-13417 |

Upon personal knowledge as to her own acts and status, and based upon her investigation, her counsel's investigation, and information and belief as to all other matters, plaintiff Sarah Jacobs ("Plaintiff" or "Jacobs"), on behalf of herself and all others similarly situated, alleges as follows:

**SUMMARY OF THE ACTION**

1. This is a class action brought on behalf of all persons in Massachusetts who purchased Blue Buffalo brand dog or cat food (the "Blue Buffalo Products") during the four year period preceding the filing of this Complaint (the "Class Period").

2. Plaintiff alleges that defendant Blue Buffalo Pet Products, Inc. ("Blue Buffalo" or "Defendant") misrepresented material facts concerning the Blue Buffalo Products during the Class Period. Throughout the Class Period, Defendant advertised the Blue Buffalo Products by misrepresenting that the Blue Buffalo Products conformed to what Defendant termed the "TRUE BLUE PROMISE." The TRUE BLUE PROMISE stated that the Blue Buffalo Products never included chicken or poultry by-product meals, corn or soy proteins, or artificial preservatives. As alleged below, during the Class Period, the Blue Buffalo Products actually included chicken or

1

poultry by-product meals, corn, soy and artificial preservatives. Defendant charged a premium price for the Blue Buffalo Products based upon these misrepresentations.

3. Defendant's actions as alleged herein violate the Massachusetts Consumer Protection Act, Massachusetts General Laws, Chapter 93A.

4. Plaintiff and the Class members seek actual damages and statutory damages, treble damages, reasonable attorneys' fees and costs, pre- and post-judgment interest, injunctive relief, and such other and further relief as this Court may deem appropriate.

## PARTIES

5. Plaintiff is a Massachusetts citizen residing in Somerville, Massachusetts. She purchased Blue Buffalo Products during the Class Period. Jacobs made these purchases for her pet. At the time of her purchases, Plaintiff Jacobs believed that all Blue Buffalo Products conformed to the TRUE BLUE PROMISE. Had Plaintiff Jacobs known that the Blue Buffalo Products that she purchased did not conform to the TRUE BLUE PROMISE, Jacobs would not have purchased the Blue Buffalo Products.

6. Defendant is a Delaware corporation with its corporate headquarters located at 11 River Road, Wilton, Connecticut, 06897. Defendant markets, distributes and sells various pet food products nationwide. Founded in 2002, Defendant claims to be the leader in premium, quality, all-natural pet foods. As a result of strong advertising and marketing programs, Defendant has experienced double and triple-digit annual growth over the past several years. In 2013 alone, Defendant spent more than $50 million in advertising. Defendant sells its products in leading national pet specialty chains, including PetSmart, Petco and Pet Supplies Plus, as well as in more than 10,000 neighborhood stores nationwide. Blue Buffalo had an initial public offering on July 22, 2015 and now trades on the NASDAQ under the ticker symbol "BUFF."

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members and the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendant.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, because Defendant does business throughout this District and a substantial part of the events giving rise to Plaintiff's claims occurred in this District. Plaintiff and the Class members are residents of this District and purchased the products at issue in this District.

**FACTUAL ALLEGATIONS**

9. Defendant sells pet food for dogs and cats, and has worked to build a brand specifically targeted at ingredient-conscious pet owners. The ingredients present in pet food are an important characteristic to consumers, including Plaintiff and the Class members.

10. At issue in this action are all sizes and varieties of Defendant's pet food product lines (the "Blue Buffalo Products") sold during the Class Period.

*Defendant's Claims That Its Products Conform to its True Blue Promise Are Pervasive*

11. Throughout the Class Period, Defendant has advertised the Blue Buffalo Products by prominently featuring its "TRUE BLUE PROMISE." The TRUE BLUE PROMISE pledges that the Blue Buffalo Products never include chicken or poultry by-product meals, never include corn, wheat or soy proteins, and never include artificial preservatives, colors or flavors:



12.     Blue Buffalo's claims that its products never include chicken or poultry by-product meals, never include corn, wheat or soy proteins, and never include artificial preservatives, colors or flavors have been prominently featured on the front of the packaging for all Blue Buffalo Products throughout the Class Period.  Below are some examples:



4



13. Blue Buffalo's claims that its products never include chicken or poultry by-product meals, corn, wheat or soy proteins, or artificial preservatives, colors or flavors have also been prominently featured on the back of the packaging for all Blue Buffalo Products throughout the Class Period.

14. For example, the back label of the Life Protection Formula Chicken & Brown Rice Recipe for Adult Dogs provides, "We never use any chicken or poultry by-product meals, and our recipes have no corn, wheat or soy, which can trigger allergic reactions":

15. Similarly, the back label of the Life Protection Formula Chicken & Brown Rice Recipe for Indoor Adult Cats states, "we never use chicken or poultry by-product meals or anything artificial."

> **Love them like family. Feed them like family.**
> Like you, we think of our cats as family members. We want them to enjoy every meal, and we do all we can to help them live long, happy and healthy lives. That's why we take great care in selecting only the finest natural ingredients for every one of our BLUE cat foods. Delicious, protein-rich deboned chicken or fish is always the first ingredient, and we never use chicken or poultry by-product meals or anything artificial.
> When you add the potent nutrient and antioxidant support of our exclusive LifeSource® Bits to the superior nutrition of the finest natural ingredients, you get BLUE healthy and holistic cat food. It's the perfect food for your feline family member.

16. These claims are not limited to the Blue Buffalo Products' packaging. These claims also appear throughout Defendant's website, http://bluebuffalo.com/, print ads, television ads, and in-store displays.

17. For example, on its webpage describing "The Blue Story," Blue Buffalo represents: "Lastly, and of equal importance, BLUE dog and cat foods contain no chicken or poultry by-product meals, and no artificial preservatives, colors or flavors. And BLUE dog and cat foods contain no corn, wheat or soy, which have all been known to trigger allergies in some pets." *See* http://bluebuffalo.com/why-choose-blue/blue-story/.

18. As another example, on its webpage advertising Blue Buffalo's "BLUE for Cats" line of cat food, Blue Buffalo's website states: "Importantly, all BLUE cat products do not contain any chicken (or poultry) by-product meals, corn, wheat or soy and nothing artificial and are formulated for cats of all life stages." http://bluebuffalo.com/for-cats/product-lines/blue-for-cats/.

19. Blue Buffalo's website also includes a webpage entitled, "Nutrition Philosophy." On that page, Blue Buffalo includes a section entitled "What's In Our Food and Why."

20. Within the "What's In Our Food and Why" section is a subsection entitled, "What's Not in BLUE and Why." That subsection includes the following statement:

> At Blue Buffalo we use "Chicken Meal" or "Turkey Meal" made from the whole meat of the birds, not by-products. Poultry or chicken by-product meals cost a lot less than meals made from whole meat. At Blue Buffalo, we think the cost is well worth it to know exactly what's in our food.

6

21. The same subsection also states as follows:

Corn, Wheat or Soy Proteins (Glutens)

Many pet food companies use the less expensive glutens to increase protein levels without the complete amino acid benefits of using more expensive meat, poultry or fish proteins. Simply put, these ingredients are cheaper, lower in nutrition and things we would never include in a BLUE recipe."

22. In the "Frequently Asked Questions" section of its website is the Frequently Asked Question, "Does BLUE dog food or BLUE cat food contain chicken or poultry by-product meals?" The answer provided states: "BLUE pet food contains no chicken or poultry by-product meals. What's more, we do not use corn, wheat or soy in any of our recipes."

***Defendant's Pervasive Claims that Its Products Conform to its "TRUE BLUE PROMISE" Are False and Misleading***

23. Defendant's pervasive claims that the Blue Buffalo Products never include chicken or poultry by-product meals; never include corn, wheat or soy proteins; and never include artificial preservatives, colors or flavors are false and misleading.

24. Independent testing has revealed that the Blue Buffalo Products actually contain chicken and poultry by-product meal.

25. Furthermore, Defendant has admitted that the Blue Buffalo Products contain chicken and poultry by-product meal.

26. On October 14, 2014, Defendant's Founder and Chairman Bill Bishop posted a letter on the Blue Buffalo website that stated that, for at least a portion of the Class Period, poultry by-product meal was present in Blue Buffalo Products.

27. In addition, emails between Blue Buffalo's suppliers and contractors or agents reveal that Blue Buffalo contracted to purchase "Chicken Meal Blend and Turkey Meal Blend," not whole chicken or turkey: "[Y]ou have asked me to ship you chicken meal and turkey meal. Our current contracts are for Chicken Meal Blend and Turkey Meal Blend and as you are aware,

both of these contain some by-product meal." *See Nestle Purina Petcare Company v. The Blue Buffalo Company Ltd.*, 4:14-cv-00859-RWS, Doc. #. 77-1 (E.D. Mo. Oct. 10, 2014).

28. In one email dated May 15, 2014, Defendant's agent wrote to supplier Wilbur-Ellis: "I think if we work together, we can band-aid this situation. ... If you are not going to fill these contracts for any reason, then I'm going to have to go to Blue to address the breach of contract and undoubtedly divulge the details of what was shipped and the possibility that Rosser's material is the smoking gun for their problems." *See Nestle Purina Petcare Company v. The Blue Buffalo Company Ltd.*, 4:14-cv-00859-RWS, Doc. #. 77-2 (E.D. Mo. Oct. 10, 2014).

29. These emails also reveal that, notwithstanding the TRUE BLUE PROMISE, the Blue Buffalo Products contain soy. *See Nestle Purina Petcare Company v. The Blue Buffalo Company Ltd.*, 4:14-cv-00859-RWS, Doc. # 77-3 (E.D. Mo. Oct. 10, 2014); *Nestle Purina Petcare Company v. The Blue Buffalo Company Ltd.*, 4:14-cv-00859-RWS, Doc. # 104-1 (E.D. Mo. Nov. 13, 2014).

30. Independent testing has also revealed that the Blue Buffalo Products contain corn. *See Nestle Purina Petcare Company v. The Blue Buffalo Company Ltd.*, 4:14-cv-00859-RWS, Doc. # 104-1 (E.D. Mo. Nov. 13, 2014).

31. The Blue Buffalo Products also contain artificial preservatives. *See Nestle Purina Petcare Company v. The Blue Buffalo Company Ltd.*, 4:14-cv-00859-RWS, Doc. # 104, ¶¶ 30 & 45 (E.D. Mo. Nov. 13, 2014).

*Price Premium*

32. Defendant's misrepresentations that the Blue Buffalo Products never include chicken or poultry by-product meals, never include corn, wheat or soy proteins, and never include artificial preservatives, colors or flavors are deceptive. These misrepresentations are intended to induce customers to pay a price premium for the Blue Buffalo Products.

33.     On its website, Blue Buffalo characterizes chicken or poultry by-product meals as inferior to and less expensive than real chicken meat.  Blue Buffalo's website describes chicken or poultry by-product meal as "the ground, rendered, clean parts of the carcass of slaughtered poultry, such as necks, feet, undeveloped eggs and intestines, exclusive of feathers, except in such amounts as might occur unavoidably in good processing practices."   Bluebuffalo.com/why-choose-blue/nutrition-philosophy/.

34.     Blue Bufffalo's website states:

> [R]eal chicken meat is a higher quality protein source than chicken or poultry by-product meals…. Subtle differences like these may determine whether a pet food brand's ingredients are as healthy as they claim to be.

Bluebuffalo.com/why-choose-blue/nutrition-philosophy/.   The website also states, "Poultry or chicken by-product meals cost a lot less than meals made from whole meat."

35.     Blue Buffalo suggests that pet food that includes corn, wheat or soy proteins is inferior to the Blue Buffalo Products, because such pet food is potentially less healthy for pets. On its webpage explaining, "Why Choose BLUE," Defendant states that its products contain "NO corn, wheat or soy, *as they have been linked to allergic reactions in some pets*."  [Emphasis added.] *See also* bluebuffalo.com/frequently-asked-questions/ ("Why is it so important that there is no corn, wheat or soy in BLUE products? Corn, wheat and soy have all been identified as potential allergens for some dogs and cats.").

36.     Blue Buffalo also promotes its food as superior to other brands by suggesting that the use of artificial colors, flavors or preservatives in other brands may render that pet food less healthy than the Blue Buffalo Products.   For example, on the webpage, bluebuffalo.com/why-choose-blue/nutrition-philosophy/, Defendant states:

**Artificial Colors, Flavors, or Preservatives**

9

Preservatives like BHA, BHT, ethoxyquin, propylene glycol provide no nutritional value and have been associated with possible side effects. Some pet food brands resort to artificial colors and flavors in an attempt to make food look and taste better. We don't.

37. Throughout the Class Period, the Blue Buffalo Products commanded a price premium over other pet food products.

38. As an example, Defendant's Life Protection Formula Chicken & Brown Rice Recipe for Adult Dogs commands a 55% price premium, per pound, over a competing product.

39. As another example, Defendant's Wilderness Chicken Recipe for Adult Dogs commands a 94% premium, per pound.

40. Plaintiff paid premium prices for Defendant's products, because she was willing to pay more for pet food that never included chicken or poultry by-product meals, never included corn or soy proteins, and never included artificial preservatives.

41. Because the Blue Buffalo Products actually contained chicken and poultry byproducts, corn, soy and artificial preservatives during the Class Period, they were worth substantially less than the premium prices paid for them.

42. As a result of Defendant's deceptive conduct and/or unfair practices, Plaintiff and the Class members suffered actual damages and/or economic losses.

***Defendant Continues to Claim that the Blue Buffalo Products Never Include Chicken or Poultry By-Product Meals; Never Include Corn, Wheat or Soy Proteins; and Never Include Artificial Preservatives, Colors or Flavors***

43. Even after acknowledging that the Blue Buffalo Products contain ingredients contrary to the TRUE BLUE PROMISE, Defendant has nonetheless continued to represent that the Blue Buffalo Products conform to the TRUE BLUE PROMISE.

44. Defendant continues to include the TRUE BLUE PROMISE on all of its Blue Buffalo Products, and to feature it in its marketing materials, including on its website. Defendant

continues to represent that all of the Blue Buffalo Products conform to the TRUE BLUE PROMISE in order to induce purchasers to pay a premium to purchase the Blue Buffalo Products.

## CLASS ACTION ALLEGATIONS

45. Plaintiff brings this action on behalf of herself and all other similarly situated persons pursuant to Fed. R. Civ. P. 23.

46. Plaintiff Sarah Jacobs seeks to represent a Massachusetts Class defined as all persons who purchased Blue Buffalo Products during the Class Period in Massachusetts. Excluded from the Class are persons or entities that purchased Blue Buffalo Products for resale, Defendant, and its subsidiaries and affiliates.

47. Members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is presently unknown, and can only be ascertained through appropriate discovery, Plaintiff believes the members of the Class exceed hundreds of thousands, if not millions of persons.

48. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.

49. Among questions of law and fact common to the Class are:

   a. Whether Blue Buffalo Products contained chicken or poultry by-product meals during the Class Period;

   b. Whether Blue Buffalo Products contained corn, wheat, or soy during the Class Period;

   c. Whether Blue Buffalo Products contained artificial preservatives, colors, or flavors during the Class Period;

   d. Whether Defendant's marketing and advertising of the Blue Buffalo Products during the Class Period was deceptive;

    e. Whether Defendant's actions as described above were unfair;

    f. Whether Defendant's actions as described above violated the Massachusetts Consumer Protection Law, Massachusetts General Laws Chapter 93A;

    g. Whether Defendant should be required to make restitution, disgorge profits, reimburse losses, pay actual and/or statutory damages, and pay treble damages as a result of the above described practices; and

    h. Whether Defendant should be ordered to cease its false and misleading advertising of the Blue Buffalo Products.

50. Plaintiff's claims are typical of the claims of Class because Plaintiff and each member of the Class purchased Blue Buffalo Products, and suffered a loss of money as a result of those purchases.

51. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class members she seeks to represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously. The interests of the Class members will be fairly and adequately protected by Plaintiff and her counsel.

52. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by the individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this class action.

### **VIOLATION OF MASSACHUSETTS GENERAL LAW CHAPTER 93A**

53. Plaintiff incorporates facts alleged in the paragraphs above.

54. On June 18, 2015, Plaintiff sent Defendant a detailed demand letter, pursuant to Massachusetts General Laws, Chapter 93A, Section 9, via Federal Express. A true and correct copy of that letter is attached hereto as Exhibit A. To date, Plaintiff has not received a response to her demand.

55. Plaintiff and the Class members purchased Blue Buffalo Products for personal, family or household purposes during the Class Period.

56. The Defendant has engaged in trade or business throughout the Class Period.

57. The Defendant's actions as described herein were unfair.

58. The Defendant's actions as described herein were deceptive.

59. The Defendant's actions resulted in a loss of money to Plaintiff and the Class.

60. The Defendant willfully and knowingly violated Chapter 93A, as described above.

61. The Defendant refused to grant relief in bad faith with knowledge or reason to know that its acts violated Chapter 93A.

62. Plaintiff and the Class seek actual and/or statutory damages, treble damages, reasonable attorneys' fees and costs, pre- and post-judgment interest, injunctive relief, and such other and further relief as this Court may deem appropriate.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court enter judgment and orders in her favor and against Defendant as follows:

a. an order certifying the Class and directing that this case proceed as a class action;

b. judgment in favor of Plaintiff and Class members in an amount of actual damages and statutory damages to be determined at trial;

c. for treble damages under M.G.L. c. 93A, § 9;

d. an order mandating that Defendant cease its false and misleading advertising of the Blue Buffalo Products;

e. an order granting reasonable attorneys' fees and costs, as well as pre- and post-judgment interest; and

f. such other and further relief as this Court may deem appropriate.

## **DEMAND FOR A TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

Dated:  September 22, 2015

        Respectfully submitted,

/s/ Edward F. Haber
Edward F. Haber (BBO# 215620)
Patrick J. Vallely (BBO# 663866)
**SHAPIRO HABER & URMY LLP**
2 Seaport Lane
Boston, MA  02210
(617) 439-3939 – Telephone
(617) 439-0134 – Facsimile
ehaber@shulaw.com
pvallely@shulaw.com

SCHUBERT JONCKHEER & KOLBE LLP

Robert C. Schubert (BBO# 562242)
Miranda P. Kolbe
Noah Schubert
**SCHUBERT JONCKHEER & KOLBE LLP**
Three Embarcadero Center, Suite 1650
San Francisco, CA  94901
Tel. (415) 788-4220
rschubert@schubertlawfirm.com
mkolbe@schubertlawfirm.com
nschubert@schubertlawfirm.com

ATTORNEYS FOR THE PLAINTIFF AND THE CLASS